**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4610-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHAREEF HOLDER, a/k/a
PUMPKIN HOLDER,
SHAREEF T. HOLDER,

     Defendant-Appellant.

_____

Submitted February 22, 2021 – Decided April 23, 2021

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 14-01-0021.

Joseph E. Krakora, Public Defender, attorney for appellant (David A. Gies, Designated Counsel, on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (Regina M. Oberholzer, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Shareef Holder appeals from the March 15, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. For the reasons that follow, we affirm.

On September 28, 2013, at approximately 9:53 p.m., New Brunswick police stopped defendant's silver Mercedes Benz SUV after observing it pass by with substantial front-end damage that appeared to be the result of a recent accident. Defendant initially got out of his vehicle but then re-entered it and fled the scene at a high rate of speed, traveling more than 100 miles per hour.

Shortly thereafter, defendant collided with three other vehicles at an intersection. The collision killed the twenty-two-year-old driver of one of the cars.

Police officers reported that defendant did not have any significant injuries; however, he appeared to be "under the influence of either narcotics or drugs" because his "speech was slurred and his motor skills were very slow." Officers at the scene also detected the odor of marijuana coming from defendant's car and observed a glass vial of marijuana in plain view on the front passenger floor of the car.

A-4610-18

Defendant was taken to a local hospital where an initial blood sample was drawn without a warrant. Officers later obtained a warrant to take a second blood sample from defendant and to search his car.

During their search of the car, officers found 948 glassine packets of heroin, twenty-five bags of marijuana, a digital scale, and two cell phones. Defendant's blood sample tested positive for marijuana metabolites and reflected a BAC of .138. A mechanical inspection of defendant's car concluded the crash was not the result of any mechanical issues.

Defendant was charged in an indictment with: (1) first-degree aggravated manslaughter in violation of N.J.S.A. 2C:11-4(a)(1); (2) first-degree aggravated manslaughter in violation of N.J.S.A. 2C:11-4(a)(2); (3) second-degree eluding in violation of N.J.S.A. 2C:29-2(b); (4) third-degree possession of heroin in violation of N.J.S.A. 2C:35-10(a)(1); (5) second-degree possession of heroin with intent to distribute in violation of N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); and (6) fourth-degree possession of marijuana with intent to distribute in violation of N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(12).

Defendant subsequently moved to suppress the two blood samples and the drug evidence taken from his car. Following a hearing, the State advised it did not intend to rely on the first blood draw evidence. The trial court denied

defendant's motion to suppress the second blood sample and evidence seized from the car pursuant to the warrant. The court found there was "probable cause . . . that . . . defendant was driving while intoxicated" and "probable cause to authorize the search of [defendant's] trunk[,]" thus the warrant—and the evidence obtained thereunder—were valid.

Defendant pled guilty to one count of first-degree aggravated manslaughter and one count of second-degree possession of heroin with intent to distribute. In exchange, the State agreed to dismiss the remainder of defendant's charges and recommended a sentence of twenty-one years in state prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for the aggravated manslaughter charge and a concurrent twelve-year term with a forty-five-month parole disqualifier for the drug charge.

During the sentencing hearing, defendant declined to speak on his own behalf although the judge gave him the opportunity to do so. Defense counsel emphasized for the court defendant's "undiagnosed educational learning disabilit[ies][,]" the "tragedies in his life[,]" and "the fact that he [had] a child" in arguing he should receive an eighteen-year prison sentence.

In sentencing defendant, the judge recognized the tragic circumstances of the case and stated he had "no doubt that one of [defendant's] prime motivations

4

in fleeing [was] the fact that [he was] carrying 900 plus decks of heroin in [his] car." The judge found aggravating factor three, the risk defendant will commit another offense, N.J.S.A. 2C:44-1(a)(3), was applicable given his "long history of indictable offenses for a 29-year-old man." Defendant's criminal history also supported finding aggravating factor six, the extent of defendant's prior criminal record, N.J.S.A. 2C:44-1(a)(6). In finding aggravating factor nine, the need for deterring defendant and others, N.J.S.A. 2C:44-1(a)(9), the judge stated the "grievous manner" in which defendant acted "put[] . . . the entire public at risk of serious injury and death [and it could] simply not be tolerated."

The judge found no mitigating factors were applicable and concluded the aggravating factors "preponderate[d]." He sentenced defendant in accordance with the terms of the plea deal. The judge commented that if the State had recommended any lesser sentence, he was "not sure [he] would have agreed to go along with it[,]" as the twenty-one year term of incarceration was "at the low end of what [was] reasonable."

Thereafter, defendant appealed his convictions and sentence, arguing: (1) the drugs in his trunk should have been suppressed because the search was not supported by probable cause; and (2) his sentence was excessive because the court failed to properly consider the mitigating factors. State v. Holder, No. A-

5

0497-15 (App. Div. Mar. 1, 2017) (slip op. at 5). We rejected defendant's arguments and affirmed, holding the search of his trunk was supported by probable cause and his sentence was "well within the permissible range, . . . supported by credible evidence in the record, and [did] not shock the judicial conscience." Id. at 10, 12-13.

Defendant subsequently filed a pro se PCR petition and an amended petition through counsel. Defendant argued he was deprived of the effective assistance of counsel because: (1) he was "promised that [he] would not receive a sentence of over [ten] years[;]" and (2) his trial counsel failed to present the sentencing judge with "mitigating factors, [defendant]'s background and history of problematic upbringing." Defendant also filed a certification in support of his PCR petition asserting trial counsel did not tell him that he could have written a letter to the judge or asked his family members to write letters to the judge on his behalf.

On March 15, 2019, the PCR judge issued a comprehensive written opinion denying defendant's PCR petition without an evidentiary hearing.

The judge found defendant's argument that he was promised a sentence not to exceed ten years' incarceration "inconsistent with the records, . . . not to mention . . . at odds with the facts which include the death of the victim caused

while . . . defendant was eluding police, and he was then found to have over 900 decks of heroin in his car." The judge also rejected defendant's argument that trial counsel failed to inform him that he or his family members could have written letters to the judge, concluding: (1) "defendant was provided the opportunity to speak at [his] sentencing[;]" (2) the "traumatic past that [defendant]'s witnesses would have discussed at sentencing was discussed in the [presentence] report and highlighted in [this court's unpublished opinion] as well[;]" and (3) defense counsel "did argue for [eighteen] years instead of . . . [twenty-one] years . . . , referenced the tragedies in [defendant]'s life, and even some education and potential autism disorders at sentencing."

In rejecting defendant's argument that his sentence would have been reduced if the court had considered the fact that his child was in the neonatal intensive care unit (NICU) at the time of his arrest, the judge concluded: "As found by [the sentencing judge], [defendant] fled from the police and ultimately caused the death . . . of [the victim] because he had 948 packets of heroin in his trunk, not because he was under the stress of having a child in the NICU." (emphasis in original).

Defendant presents the following arguments for our consideration on appeal:

I.    THE FAILURE OF DEFENSE COUNSEL TO BRING RELEVANT INFORMATION TO THE SENTENCING COURT'S ATTENTION IN ORDER TO DETERMINE THE WEIGHT TO BE AFFORDED SUCH INFORMATION IS NOT BARRED FROM PCR REVIEW BY RULE 3:22-5

II.    WHEN PCR COUNSEL DOES NOT ADVANCE A MEANINGFUL ARGUMENT IF AVAILABLE, THEN THE MATTER SHOULD BE REMANDED

III.    DEFENDANT DEMONSTRATED A PRIMA FACIE INEFFECTIVENESS CLAIM WHERE HE SHOWED THAT HIS TRIAL ATTORNEY DID NOT ADDRESS THE STRESS HE WAS UNDER DUE TO HIS CHILD'S HEALTH AND THE CAUSAL CONNECTION IT HAD TO THE DEATH ATTRIBUTABLE TO HIS CONDUCT

IV. THE    PCR    JUDGE    ABUSED    HER DISCRETION    IN    CONCLUDING    THAT    AN EVIDENTIARY HEARING WAS UNNECESSARY

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 58 (1987).  To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-pronged test establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by

8

the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

Defendant contends his trial counsel was deficient in not advising the sentencing court that he was under stress because of a sick child. He asserts that stress caused him to drink and drive and ultimately resulted in the accident. He argues that the sentencing judge would have imposed a lesser sentence if apprised of that information.

However, the sentencing judge was clear that he would not have agreed to a lesser sentence and the evidence was sufficient to conclude defendant fled from police at an excessive rate of speed because of the enormous quantity of drugs in his car. Therefore, defendant cannot establish his sentence would have been any different if the court had been advised of his child's medical status; thus, he cannot show he was prejudiced under the second prong of the Strickland-Fritz test.

Without addressing any procedural bars raised by the State, we are satisfied the PCR court's denial of the petition was supported by the credible evidence in the record. Defendant did not demonstrate his trial counsel was

ineffective under the <u>Strickland</u>-<u>Fritz</u> test nor has he shown his PCR counsel was ineffective. Therefore, he was not entitled to an evidentiary hearing. Any remaining arguments not addressed lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION